## THE HOWE MACHINE COMPANY, Respondent, v. GEORGE R. PETTIBONE, Appellant.

*Service of summons by publication — vacating order for — Due diligence — how it may be proved.*

Upon a motion made on the judgment-roll to vacate an order for the service of a summons by publication, and a judgment entered upon such service, on the ground that the affidavit and papers, on which the order was granted, did not show that due diligence had been used to find the defendant within the State, the judgment-roll and the papers attached thereto may be resorted to to sustain the order and prove that due diligence has been used.

Appeal from an order denying a motion to vacate an order of publication, and the judgment entered herein.

*Rastus A. Ransom*, for the appellant.

*Stephen A. Walker*, for the respondent.

Brady, J.:

The appellant seeks to sustain this appeal upon the ground that the affidavit and papers, upon which the order of publication was made, were insufficient, in a legal sense, to justify the order. He thinks that there was no evidence of due diligence to find him within the State, and his counsel thinks that the judgment-roll and papers attached could not be resorted to for further evidence on that subject, or to sustain the order of publication. The motion was, however, to set aside the order of publication and the judgment, and the order to show cause was granted upon the judgment-roll. It is very clear, therefore, that that document could be resorted to for any purpose connected with the subject, and the order of publication was directly connected with the question presented for consideration.

The court having jurisdiction of the subject, and the affidavit having been declared *prima facie* sufficient to justify the order of publication, any part of the judgment-roll could be employed to demonstrate that sufficient cause existed when the order was made,

and thus, by relation, to establish the justice and propriety of the order made. The affidavit originally presented, though it might, if subjected to technical criticism, be regarded as imperfect, nevertheless justified the conclusion that the defendant had absconded, and, having fled, was beyond the diligence which might otherwise reveal his place of abode or refuge. The plaintiffs were entitled to all the presumptions of secret wandering or abiding which spring from dishonorable flight. The question regarded with both affidavits present makes the charge against the defendant, of absconding with the plaintiff's moneys, and with intent not to be traced, easy of solution, and leads to no other conclusion than that due diligence within the State would not necessarily disclose his place of abode. The defendant must be regarded as an absconding debtor, and, therefore, without the pale of strict construction in matters of detail.

We think the order made was correct, and that it should be affirmed, with ten dollars costs and the disbursements of the appeal.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., and BRADY, J.

Order affirmed, with ten dollars costs and disbursements.